UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENDY LUGO, on behalf of herself and all others similarly situated, | Civil Case No.: _____ |
| Plaintiff(s), | CIVIL ACTION |
| -against- | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |
| KP RECOVERY SOLUTIONS LLC; KAREN POLLACK; and JOHN DOES 1-25 | |

Plaintiff, WENDY LUGO, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, KP RECOVERY SOLUTIONS LLC ("KP RECOVERY"), KAREN POLLACK ("POLLACK') and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and resides in Hudson County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. KP RECOVERY SOLUTIONS LLC maintains a location at 24 Sherwood Road, Springfield, New Jersey 07081.

8. Upon information and belief, KP RECOVERY uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. KP RECOVERY is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. POLLACK a natural person and resides in Springfield, New Jersey 07081.

11. POLLACK is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

14. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from KP RECOVERY, which contained at least on one of the alleged violations of 15 U.S.C. § 1692 *et seq.* as set forth herein.

  The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

15. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter, notice and/or practice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether the Defendants violated various provisions of the FDCPA including but not limited to:

    15 U.S.C. §§ 1692e and 1692g *et seq.*;

    b.  Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16. Plaintiff is, at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Sometime prior to March 17, 2016, Plaintiff allegedly incurred a financial obligation to DEPPAK AMIN, MD ("AMIN, MD").

18. The AMIN, MD obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

19. The AMIN, MD obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. AMIN, MD is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. At some time prior to March 17, 2016, the AMIN, MD obligation was placed with KP RECOVERY for the purpose of collection.

22. At the time the AMIN, MD obligation was placed with KP RECOVERY for the purpose of collection, the balance was past due.

23. At the time the AMIN, MD obligation was placed with KP RECOVERY for the purpose of collection, the obligation was in default.

24. POLLACK is the sole member of KP RECOVERY.

25. KP RECOVERY is the alter ego of POLLACK.

26. POLLACK manages the day-to-day operations of KP RECOVERY.

27. KP RECOVERY caused to be delivered to Plaintiff a letter dated March 17, 2016, which was addressed to Plaintiff. **Exhibit A**, which is fully incorporated herein by reference.

28. The March 17, 2016 letter was written by POLLACK.

29. The March 17, 2016 letter was designed by POLLACK.

30. The March 17, 2016 letter was approved by POLLACK.

31. The March 17, 2016 letter was approved by POLLACK prior to mailing said letter to Plaintiff.

32. POLLACK authorized the March 17, 2016 letter to be sent to Plaintiff.

33. POLLACK is responsible for FDCPA compliance for KP RECOVERY.

34. The March 17, 2016 letter was sent to Plaintiff in connection with the collection of the AMIN, MD obligation.

35. The March 17, 2016 letter was the first communication made by KP RECOVERY to Plaintiff concerning the AMIN, MD obligation.

36. The March 17, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

37. Upon receipt, Plaintiff read the March 17, 2016 letter.

38. The March 17, 2016 letter claimed that the amount due on the AMIN, MD obligation was $100.00.

39. The March 17, 2016 letter states in part:

> We will assume that the debt is valid unless you dispute the same. We will then obtain verification of your obligation or, if the debt is founded on a judgment, a copy of the judgment, and we will mail you a copy of the verification or judgment. We will provide you with the name and address of the original creditor, if different from the current creditor, if you make a written request for same within 30 days from your receipt of this notice.
>
> **This is an attempt to collect a debt and any information will be used by that purpose. We are debt collectors.**

40. The March 17, 2016 letter also stated that:

> *You have 30 days to request validation of the debt and during that time no action will be taken against you. If you notify the undersigned in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, the undersigned will obtain verification of the debt or a copy of the judgment against you by the debt collector. If you notify the undersigned in writing within the thirty-day period described that the debt, or any portion thereof, is disputed, or that you request the name and address of the original creditor, the undersigned shall cease collection of the debt, or any disputed portion thereof, until the undersigned obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or the name and address of the original creditor, is mailed to you by the undersigned.*

41. Section 1692g(a) et seq. of the FDCPA provides as follows:

(a) Notice of Debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

42. The March 17, 2016 letter fails to properly provide the notices required by 15 U.S.C. § 1692g(a)(3).

43. The March 17, 2016 letter fails to properly provide the notices required by 15 U.S.C. § 1692g(a)(4).

44. The March 17, 2016 letter fails to properly provide the notices required by 15 U.S.C. § 1692g(a)(5).

45. The March 17, 2016 letter overshadows and/or contradicts the protections provided by 15 U.S.C. § 1692g(a)(3), (4) and (5).

46. The March 17, 2016 letter would cause one to be confused about what rights he or she had, how to exercise those rights and the time limit, if any, to exercise them within.

47. Defendant's March 17, 2016 letter that Defendant sent to Plaintiff and others similarly situated does not comply with the FDCPA. *See* Graziano v. Harrison, 950 F.2d 107 (3rd Cir. 1991).

## **POLICIES AND PRACTICES COMPLAINED OF**

48. It is KP RECOVERY's policy and practice to send letters and notices to Plaintiff and others similarly situated as shown in **Exhibit A**, which violate the FDCPA, by *inter alia*:

      (a)      Failing to provide the full and correct required notices under the FDPCA;

      (b)      Using false, deceptive or misleading representations or means in connection with the collection of a debt;

      (c)      Providing required notices under the FDCPA in a confusing manner; and

      (d)      Overshadowing and/or contradicting required notices under the FDPCA.

49.      On information and belief, Defendant engaged in the practices described herein by sending written communications in the form annexed hereto as **Exhibit A**, to at least 30 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

50.      Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51.      Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

52.      Defendants' March 17, 2016 collection letter and/or notice would cause the least sophisticated consumer to be confused as to his or her rights.

53.      Defendants' March 17, 2016 letter was designed to cause the least sophisticated consumer to be confused as to his or her rights.

54.      The content of Defendants' March 17, 2016 letter was designed to cause the least sophisticated consumer to be confused about what rights he or she had, how to exercise those rights and the time limit, if any, to exercise them within.

55.      Defendants' statement that "We will assume that the debt is valid unless you dispute the same" would lead the least sophisticated consumer to believe that that debt was already considered valid by the debt collector unless and until the consumer disputes the debt.

56. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with attempts to collect debts from Plaintiff and others similarly situated.

57. The "notices" provided in Defendants' March 17, 2016 collection letter and/or notice constitutes a false, deceptive or misleading representation or means in connection with attempts to collect debts from Plaintiff and others similarly situated.

58. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with communications to Plaintiff and others similarly situated.

59. Defendants violated 15 U.S.C. §§ 1692g(a), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5) of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

60. Defendants violated 15 U.S.C. § 1692g(a) of the FDCPA by failing to provide the full notices required by 15 U.S.C. § 1692g(a)(3), 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(a)(5).

61. Defendants violated 15 U.S.C. § 1692g(a) of the FDCPA by providing language in its letter in a contradicting or overshadowing manner to the full notices required by 15 U.S.C. § 1692g(a)(3), 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(a)(5).

62. Defendants violated 15 U.S.C. § 1692g(a)(3) of the FDCPA by failing to provide the full notice required by said section.

63. Defendants violated 15 U.S.C. § 1692g(a)(4) of the FDCPA by failing to provide the full notice required by said section.

64. Defendants violated 15 U.S.C. § 1692g(a)(5) of the FDCPA by failing to provide the full notice required by said section.

65. Defendants violated 15 U.S.C. § 1692g(a)(3) by providing language in its letter in a contradicting or overshadowing manner.

66. Defendants violated 15 U.S.C. § 1692g(a)(4) by providing language in its letter in a contradicting or overshadowing manner.

67. Defendants violated 15 U.S.C. § 1692g(a)(5) by providing language in its letter in a contradicting or overshadowing manner.

68. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

71. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

72. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

73. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Glen Chulsky, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

   (c)  Awarding Plaintiff and the Class actual damages;

   (d)  Awarding pre-judgment interest;

   (e)  Awarding post-judgment interest.

   (f)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

   (g)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 15, 2017

           *s/ Joseph K. Jones*
           Joseph K. Jones, Esq.
           JONES, WOLF & KAPASI, LLC
           375 Passaic Avenue, Suite 100
           Fairfield, New Jersey 07004
           (973) 227-5900 telephone
           (973) 244-0019 facsimile
           jkj@legaljones.com

           *s/ Glen Chulsky*
           Glen Chulsky, Esq.
           JONES, WOLF & KAPASI, LLC
           375 Passaic Avenue, Suite 100
           Fairfield, New Jersey 07004
           (973) 227-5900 telephone
           (973) 244-0019 facsimile

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 15, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

P.O. Box 43
Springfield, NJ 07081



**Credit Card Type** (Circle One):

| CARD NUMBER | VERIFICATION # |
| CARDHOLDER NAME | EXP. DATE |
| SIGNATURE | AMOUNT |

ACCOUNT NO.: ▮▮▮▮▮▮-1288        TOTAL DUE: $100.00

AMOUNT ENCLOSED: $ _____

3/17/2016

Wendy Lugo

**PLEASE REMIT PAYMENT TO:**

IIl..l...III..l.l...IIII..ll...l.l..l.l..l.l..ll.ll..l

KP RECOVERY SOLUTIONS LLC
P.O. BOX 43
SPRINGFIELD, NJ 07081-0043

Email: info@kprecoverysolutions.com

------------------------------------Detach and Return with Payment------------------------------------

# KP RECOVERY SOLUTIONS LLC

3/17/2016

Dear Wendy Lugo:

KP Recovery Solutions has been retained by the above Creditor, to collect the outstanding obligation owed by you in the amount of $100.00.

We will assume that the debt is valid unless you dispute the same. We will then obtain verification of your obligation or, if the debt is founded upon a judgment, a copy of the judgment, and we will mail you a copy of the verification or judgment. We will provide you with the name and address of the original creditor, if different from the current creditor, if you make a written request for same within 30 days from your receipt of this notice. **This is an attempt to collect a debt and any information obtained will be used for that purpose. We are debt collectors.**

*You have 30 days to request validation of the debt and during that time no action will be taken against you. If you notify the undersigned in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, the undersigned will obtain verification of the debt or a copy of a judgment against you by the debt collector. If you notify the undersigned in writing within the thirty-day period described that the debt, or any portion thereof, is disputed, or that you request the name and address of the original creditor, the undersigned shall cease collection of the debt, or any disputed portion thereof, until the undersigned obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to you by the undersigned.*

If you have any questions regarding your outstanding obligation owed, or if you would like to make a payment, please contact our office at **973-376-4228** or use the self-addressed envelope to mail in a payment.

Sincerely,

KP Recovery Solutions LLC
info@kprecoverysolutions.com

| | |
|---|---|
| ACCOUNT BALANCE: | $100.00 |
| ACCOUNT NUMBER: | ▮▮▮▮▮▮1288 |
| ORIGINAL CREDIT GRANTOR: | Deepak Amin, MD |
| DEBTOR(S): | Wendy Lugo |
| DATE OF SERVICE: | 9/22/2015 |